**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7052

WILLIAM LEE BRADSHAW,

                Plaintiff – Appellant,

        v.

MR. HARDEN, Lt.; MR. BURKE, Sgt.,

                Defendants – Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:10-cv-00225-gec-mfu)

Submitted:  October 14, 2010        Decided:  November 24, 2010

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Lee Bradshaw, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Bradshaw appeals the district court's dismissal of his 42 U.S.C. § 1983 (2006) complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1) (2006).

The complaint alleged that defendants, supervisory officials at Augusta Correctional Center, violated Bradshaw's rights under the Eighth Amendment by failing to protect him from assault by other inmates. According to the complaint, a prison official issued Bradshaw cleaning supplies, including a long-handled mop and a long-handled broom, in violation of written prison policy authorizing only inmates designated as "housemen" to possess such supplies without supervision. Bradshaw alleged that the cleaning supplies were subsequently used by two inmates to assault him.

The individual officer alleged to have violated the cleaning-supplies policy was not named in Bradshaw's complaint. Instead, those named as defendants have supervisory roles at the prison and Bradshaw alleges that they violated his rights by failing to enforce the cleaning-supplies policy. However, as noted by the district court, Bradshaw does not allege any facts that would have put defendants on notice that the policy was being violated. As such, Bradshaw cannot show that the supervisors demonstrated deliberate indifference to, or tacit

2

authorization of, the conduct of their subordinates. Accordingly, the district court did not err in dismissing Bradshaw's complaint insofar as it relied on a theory of supervisory liability. See <u>Slakan v. Porter</u>, 737 F.2d 368, 372-73 (4th Cir. 1984).

Bradshaw also alleged that defendants violated his rights by failing to protect him when his assailants were released back into the general prison population. Again, however, there was no indication that defendants were deliberately indifferent to a potential risk of harm to Bradshaw. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-37 (1994). Indeed, Bradshaw failed to indicate that such a risk existed. Notably, after Bradshaw was treated for the injuries resulting from the assault, but before he was released to the general population, he signed a form indicating that he did not fear for his safety in the general population. Also, there was no evidence indicating that the two inmates who assaulted Bradshaw threatened or harmed him in any way after their return to the general prison population. We are disinclined to hold that defendants were deliberately indifferent to a risk of which they were unaware.

Accordingly, we affirm the decision of the district court to dismiss Bradshaw's complaint. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED